IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Nos. 3:24-CR-129-TAV-DCP |
| | ) | 3:24-CR-130-TAV-DCP |
| KENTRALE L. MCCLURE, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

These cases are before the undersigned on the matter of Defendant Kentrale McClure's representation. On November 12, 2024, the Court appointed Assistant Federal Defender Jonathan A. Moffatt and the Federal Defender Services of Eastern Tennessee ("FDSET") at Defendant's initial appearance and arraignment in two criminal cases [No. 3:24-CR-129, Doc. 11; No. 3:24-CR-130, Doc. 22]. Attorney Moffatt now asks the Court to substitute counsel, stating that he and FDSET have an actual conflict of interest preventing further representation of Defendant McClure due to FDSET's representation of another client [No. 3:24-CR-129, Doc. 30; No. 3:24-CR-130, Doc. 51].

To substitute counsel, the Court must find good cause for the substitution, such as an actual conflict of interest, a complete breakdown in communications between attorney and client, or an irreconcilable break in the attorney-client relationship. *United States v. Sullivan*, 431 F.3d 976, 979–80 (6th Cir. 2005) (citing *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985)). Based upon counsel's representations in the motions, Mr. Moffatt and FDSET are permitted to **WITHDRAW** due to an actual conflict of interest. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. The Court has contacted Attorney Russell T. Greene, who agrees to accept representation of Defendant McClure in both cases.

Accordingly, the Court **ORDERS** as follows:

(1) The Motions to Substitute Counsel [No. 3:24-CR-129, **Doc. 30**; No. 3:24-CR-130, **Doc. 51**] are **GRANTED**;

(2) Assistant Federal Defender Jonathan A. Moffatt and FDSET are **RELIEVED** of further representation of Defendant in both cases and are **DIRECTED** to provide new counsel with the information from Defendant's file as soon as possible;

(3) Attorney Russell T. Greene is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant in both cases pursuant to the CJA;

(4) Mr. Greene is **DIRECTED** to provide Defendant McClure with a copy of this Order;

(5) The Clerk of Court is **DIRECTED** to list Mr. Greene as Defendant's counsel of record in the Court's electronic filing system for both cases, and

(6) The Government is **DIRECTED** to make the discovery in both cases available to new counsel on or before **January 13, 2025**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge